FILED'09 JUL 21 13:45USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETRA KELLERS,<br><br>        Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>        Defendant. | Civil No.09-6076-TC<br><br>FINDINGS AND<br>RECOMMENDATION |

COFFIN, Magistrate Judge:

    Defendant Ocwen Loan Servicing, LLC (Ocwen) moves to dismiss plaintiff Petra Kellers's complaint with prejudice. I heard oral argument on this motion on June 13, 2009. During oral argument, plaintiff's counsel requested leave of the court to file additional briefing. I granted the request; however, plaintiff's counsel notified the court on July 20, 2009 that he would not file additional briefing. For the reasons set forth below, I recommend that the court GRANT Ocwen's motion to dismiss.

///

///

## Background

    Ms. Kellers brings this action against Ocwen alleging

Order

violation of the Fair Dept Collections Practices Act (FDCPA)15 U.S.C. § 1692 et seq. and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq. Ms. Kellers owns real property in Boulder Creek, California. Ocwen services the mortgage which encumbers Ms. Kellers's Boulder Creek property. In 2005, a mudslide damaged Ms. Kellers's home. Subsequently, in 2006, the county declared her property uninhabitable; thus, Ms. Kellers cannot use her property. Ms. Kellers's attempts to negotiate with Ocwen to gain approval for a short sale or some significant modification of the amount due on the mortgage failed. After the failed negotiations, Ms. Kellers stopped paying her mortgage.

Ms. Kellers's counsel has called Ocwen on Ms. Kellers's behalf many times. Her counsel has asked that Ocwen report to credit reporting agencies that Ms. Kellers stopped paying her loan because of a natural disaster. Ocwen has reported to credit reporting companies that plaintiff stopped paying her loan, but did not note that the nonpayment was due to a natural disaster. Additionally, Ocwen has called Ms. Kellers over one hundred times in an attempt to collect the mortgage debt despite knowing that she was represented by counsel.

### Legal Standard

A motion to dismiss under 12(b)(6) is subject to a stringent review standard. A court should not dismiss a claim unless it "appears beyond doubt that plaintiff can prove no set of facts in

Order

support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). The review is limited to the complaint and all allegations of material fact are taken as true and viewed in a light most favorable to the nonmovant. Cassettari v. Nevada County Cal., 824 F.2d 735, 737 (9th Cir. 1987). The ultimate issue is not whether the pleading party will ultimately prevail, but instead whether that party is entitled to offer evidence in support of its claim. Scheuer v. Rhodes, 416 U.S. 232 (1974).

## Analysis

Ocwen moves to dismiss Ms. Keller's FDCPA claim on the grounds that it is not a dept collector as defined by the FDCPA. As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the FDCPA in an attempt to collect a debt. See e.g. Mabe v. G.C. Serv. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994). A debt collector for purpose of the FDCPA is a person whose "principal purpose" is the collection of debts, or who "regularly collects or attempt to collect ... debts." 15 U.S.C. § 1692a(6). The definition explicitly excludes persons who collect debts "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

Ocwen, the loan servicer of Ms. Kellers's mortgage is not a

debt collector within the meaning of the FDCPA. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include ... a mortgage servicing company ...." <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir.1985). Moreover, it is clear from the face of the complaint that Ocwen was the loan servicer before the mortgage went into default and the FDCPA excludes persons attempting to collect a debt that was not in default at the time it was obtained by the debt collector. 15 U.S.C. § 1692a(6)(F)(iii).

Ms. Kellers argues that dismissal at this stage is premature because she needs time to discover whether Ocwen was the original holder of the mortgage loan or whether Ocwen has sold the mortgage loan. However, further illumination of these issues does not change the fact that the FDCPA does not apply to loan servicers or to those who are trying to collect debts that were not in default when they acquired them. It is unfortunate that Ocwens has ignored that Ms. Kellers is represented by counsel and has called her hundreds of times in an attempt to collect her mortgage debt; however, her remedy for this behavior does not lie in the FDCPA.

Accordingly, I find that Ms. Kellers cannot prove any facts or circumstances which would entitle her to relief, and I recommend that the court dismiss her FDCPA claim.

Ocwen moves to dismiss Ms. Keller's FCRA claim on the

grounds that, because Ms. Keller admits nonpayment of her mortgage, any delinquency reporting is accurate and proper. My review of the relevant case law on this issue reveals that the FCRA imposes a duty to provide accurate information, but it does not impose a duty to report the reasons a borrower stopped paying a loan. Cahlin v. Gen. Moters Acceptance Corp., 936 F.2d 1151, 1154 (11th Cir. 1991); Wadley v. Ford Motor Credit Co. et al, 397 F.Supp.2d 781 (E.D.VA 2005). Ms. Kellers's attempt to have the justification information included in the delinquency report is an attempt to "collaterally attack the basis of accurately reported information." Wadley, 397 F.Supp.2d at 784. "The FCRA does not provide a cause of action to collaterally attack an accurate credit report." Id. (internal citations omitted).

Ms. Kellers does not dispute that she has stopped paying her mortgage or that the unpaid dept reported to credit reporting agencies is accurate. Instead, she bases her claim on Ocwen's failure to inform credit reporting agencies as to why Ms. Kellers is delinquent. Accordingly, I find that Ms. Kellers cannot set forth any facts which would entitle her to relief, and I recommend that the court dismiss her FCRA claim.

## Conclusion

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than ten days after the date this order is filed.

Findings and Recommendation

The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

Dated this 21 day of July, 2009

THOMAS M. COFFIN
United States Magistrate Judge

Findings and Recommendation